[Civ. No. 3945.   Second Appellate District, Division One.—February 18, 1924.]

THE DAILY TELEGRAM (a Corporation), Respondent, v. THE OCEAN VIEW OIL COMPANY (a Corporation), Appellant.

[1] CONTRACTS—SALE OF STOCK—AUTHORITY TO PLACE ADVERTISING—INTERPRETATION BY PARTIES.—In this action by a newspaper publishing company against a corporation to recover for advertising which had been placed by the "fiscal agent" of the corporation in connection with the sale of its stock, the interpretation which had been placed by the parties upon the contract entered into between the corporation and said "fiscal agent," and which provided for

the making of certain expenditures by the latter, showed that expenditures for newspaper advertising were to be included in the agreement, with the necessary agency in said "fiscal agent" to incur indebtedness therefor on behalf of the corporation.

[2] ID. — EXCESSIVE EXPENDITURES — INNOCENT THIRD PARTIES — EQUITY.—Even though the contract between the corporation and its "fiscal agent" was void as against public policy, in that it provided for expenditures in excess of the percentage authorized by the permit issued by the commissioner of corporation, it would be inequitable that an innocent third person who had furnished advertising service should be made to suffer pecuniary loss for such a reason.

[3] ID.—AGENCY—DELEGATION OF AUTHORITY—EMPLOYMENT OF EXPERT.—The "fiscal agent" of the corporation having been authorized to incur an indebtedness for newspaper advertising, the employment by him of expert assistance to "plan, write and place" it did not constitute an unauthorized delegation of his powers to an agent.

[4] ID.—EXTENSION OF CREDIT — PARTIES—FACTS RELIED UPON — EVIDENCE.—In this action against a corporation to recover for newspaper advertising which had been placed by its "fiscal agent" in connection with the sale of its stock, the credit manager of the newspaper having testified that he went to see said "fiscal agent" with reference to the proposed credit to be advanced to the corporation and said agent advised him that he was "the agent" at that place, but that he was "merely the tool" of the company itself, that he fully believed that "they" were solid and that "they" would "pay their bills," and, apparently acting on such statement, credit was extended, such evidence was sufficient to show that the credit of the corporation was relied upon in extending credit for the advertising.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

George W. Bush for Appellant.

Daly, Daly & Todd for Respondent.

HOUSER, J.—This is an appeal from a judgment in favor of plaintiff and against the defendant, Ocean View Oil Company, on a cause of action arising out of certain adver-

tising in the newspaper of plaintiff and its assignor, alleged to have been done at the instance and request of said defendant.

In accordance with certain provisions of the Corporate Securities Act defendant procured a permit to sell 100,000 shares of its stock on the condition that not more than twenty per cent of the selling price thereof should be paid as a commission for its sale. The defendant then entered into a contract with one C. F. Martin by which it was agreed, among other things, in substance, that Martin, party of the second part, was appointed the "fiscal agent" of the defendant, party of the first part, to sell the said 100,000 shares of stock for a compensation of twenty per cent commission "wholly in accordance with the permit."

Also, "In addition to the above commission, the party of the first part agrees to raise by subscription not to exceed 5,000 shares of the capital stock of said corporation which shall be sold by the party of the second part without commission.

"Said party of the second part shall make an accounting to the party of the first part for all moneys expended by him in overhead and should said overhead be less than said $5,000, then said money remaining shall be and belong to the party of the first part. In the event that the overhead shall exceed said $5,000, said expense shall be borne by said party of the second part.

"It is further agreed that the party of the first part shall immediately advance towards said overhead expense the sum of $600 which shall be credited by the said party of the second part as a credit on said $5,000.

"It is further stipulated and agreed that the party of second part shall have the use free of expense of two of the offices in the Stock Exchange Building now being occupied by the party of the first part, for the uses in this agreement set forth."

For the purpose of carrying on the sale of the stock on behalf of defendant, Martin entered into a contract with a publicity agency to "plan, write and place advertising campaign as may be directed." The advertising was done by plaintiff and its assignor, and no payment having been made therefor, an action was commenced which resulted in a judg-

ment being rendered against defendant for the sum of $712.16.

[1] While the contract is not entirely free from ambiguity, the testimony of Mr. Martin which was offered for the purpose of explaining the ambiguity and which testimony was evidently believed by the trial court was to the effect that up to the sum of $5,000 the defendant was to pay the necessary expenses of making the sale of the stock; that copy of the advertising was mailed to the office of appellant; that the president of the corporation had knowledge of all the facts in connection with the advertising while it was being done; and after the advertising bills were due and demand had been made for the payment, the president of the defendant corporation had asked Martin "to stall them off a little longer." He also said that if no stock could be sold it would be necessary to declare an "Irish dividend" and pay the bills. The interpretation placed upon the contract by the parties thereto clearly appears to have been that such expenditures as are here in question were to be included in the agreement, with the necessary agency in Martin to incur indebtedness on behalf of the corporation therefor.

[2] Appellant contends that because the permit issued by the corporation commissioner allowed the expenditure of not to exceed twenty per cent in effecting the sale of the stock, any contract by which that percentage was to be exceeded is void as against public policy. Such a contention might possibly avail as between the parties to the contract, but it would seem inequitable that innocent third persons should be made to suffer pecuniary loss for such a reason. Even assuming plaintiff's knowledge of a limitation upon expenditures, plaintiff very properly might have assumed that the corporation had resources arising from the operation of its business and had an independent right to order advertising to be done without reference to the terms of the permit.

[3] The third point raised by appellant is to the effect that assuming that Martin personally was authorized to incur an indebtedness for newspaper advertising, he had no authority to delegate his powers to an agent. The evidence showed that Martin supervised the advertising, and the fact that it was thought necessary or advisable to employ expert assistance to "plan, write and place" it, does not

constitute a delegation of powers by an agent. There was nothing within the terms of the contract between plaintiff and defendant specially forbidding the employment of such an assistant for such purpose, and consequently the right to do so would seem to fall within the regulation of such matters as is provided by section 2349 of the Civil Code.

[4] It is also urged that neither plaintiff nor its assignor relied upon the credit of the appellant in extending credit for the advertising. The evidence, however, shows to the contrary that the various items in the account are charged to the Ocean View Oil Company. The credit manager for plaintiff's assignor testified that he went to see Martin regarding the proposed credit to be advanced to the Ocean View Oil Company, and that Martin said, "Yes, I am the agent here in Long Beach, but I am merely the tool of the Ocean View Oil Company itself. I fully believe that they are solid and that they will pay their bills." Apparently acting on such statement, plaintiff extended credit to appellant.

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1924.

All the Justices concurred.